UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RIVERA-MARTINEZ and ARTURO MARTINEZ,<br><br>  Plaintiffs,<br><br>vs.<br><br>KERN COUNTY, et al.,<br><br>  Defendants. | Case No. 1:16-CV-00062-LJO-JLT<br><br>**ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE**<br><br>(Doc. 32) |

The parties have stipulated to amend the case schedule at some point in the future once the plaintiffs file their second amended complaint to add new parties. (Doc. 31)  They report that the delay by the Kern County Juvenile Court in producing these records has impeded their ability to understand the context of this case and to identify others who may have liability. Id.

Notably, they make no showing of the discovery efforts expended to date.  Indeed, as late as the mid-discovery status report filed on December 22, 2016, it appeared that they had expended little discovery effort. (Doc. 29 at 2)  Rather, except for Dr. Hyden—who appears to have promptly pursued discovery—the mid-discovery status report set forth only what counsel for the plaintiffs and other defendants *intended* to do, implying they had not yet actually conducted any discovery. Id.  As

1

a result, the Court declined to consider amending the case schedule at that time as they had requested. The Court noted:

> [C]ounsel are likely aware that it may be that the Kern County juvenile court does not release the records during the discovery period authorized in this case, either because it simply lacks the time to conduct the in camera review or because it decides not to grant the § 827 petition. Thus, they **SHALL NOT** assume that this Court will extend the discovery period *merely* because the records were not produced timely; indeed, this is quite *unlikely* to occur.
> Furthermore, counsel are reminded that any request to amend the discovery deadlines must be supported by good cause which requires counsel to demonstrate diligence in attempting to complete discovery with the deadlines currently in place; the refusal to conduct any discovery until the records are produced would not likely demonstrate good cause. Thus, they are strongly advised not to defer their discovery efforts any further and to redouble their efforts toward completing discovery.

(Doc. 27, emphasis in the original)  This was not the first time the Court provided information as to what was required when seeking to amend the case schedule.  Indeed, in the scheduling order, the Court admonished,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 21, emphasis in the original)

      Nevertheless, despite the Court's repeated and clear instruction that any request to amend the case schedule must detail good cause for the amendment, counsel fail to provide *any* information about the discovery they have completed or that which they need to complete or why they believe they cannot complete discovery within the current deadlines.  The Court hopes it is wrong but fears that this lack of frankness may be purposeful so to preclude the need to disclose a failure to conduct discovery.

      Moreover, though the plaintiffs indicate they have learned information that leads them to believe there may be "possible additional parties," they do not explain what this information is, who the additional parties are or how it convinces them that additional parties should be added.  Likewise, they fail to explain when they will seek leave to file the amended pleading—given the deadline for

doing so passed months ago—and do not explain the discrepancy in their reports as to when they received the juvenile records. (Compare Doc. 31 at 1 [documents received "after January 9, 2017"] with Doc. 29 at 1-2 (filed December 22, 2016) that they "recently received a copy of the Juvenile Court Records of minor D.M.")

Good cause is shown by demonstrating the parties acted diligently to meet the deadlines in place. ". . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). In part, the "good cause" standard requires the parties demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). Due to the failure to demonstrate good cause, the stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

   Dated:   **January 31, 2017**            **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE