# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RIVERA-MARTINEZ and ARTURO MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY DEPARTMENT OF HUMAN SERVICES; SOCIAL WORKER STEPHANIE MEEK, individually; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 1-16-cv-00062-SEH<br><br><br>ORDER |

On June 21, 2016, United States Magistrate Judge Jennifer L. Thurston entered a Scheduling Order, which provided, in part:

> The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

(Doc. No. 21 at 2.)

On February 22, 2017, the Order of Reassignment in this case was issued by United States Chief District Judge Lawrence J. O'Neill. (Doc. No. 37.)

On April 14, 2017, this Court entered a supplemental scheduling order, which provided, in part:

> 6. Separate written disclosures of all non-retained experts (expert witnesses not required to provide a written report) are required and shall be filed and served on or before the deadlines established in paragraph 3 for expert disclosures. Such disclosures must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include:
>
> a. A separate statement of each opinion to be offered.
>
> b. Specific identification of and source citations to the record to

1

facts or data considered, referenced, or relied upon by the witness in forming the each of the opinions expressed.

    c.     A separate statement of the bases and reasons for each of the opinions.

    Such disclosures are expected to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

    Reports or depositions of experts determined to be inaccurate or incomplete are to be corrected or completed by supplemental disclosure filed within 30 days of the latter of the parties' expert disclosure date . . . or the date of the expert's deposition.

(Doc. No. 53 at 3.) On April 18, 2017, the Court amended the April 14, 2017, scheduling order, in part. (Doc. No. 56.)

On May 5, 2017, Defendants filed an Expert Witness Disclosure (Doc. No. 58) and Plaintiffs filed an Initial Expert Witness Designation (Doc. No. 59). On June 1, 2017, Plaintiffs filed an Amended Expert Disclosure (Doc. No. 68).

Upon review of Defendants' disclosures of May 5, 2017, it is apparent those disclosures did not comply with the requirements of paragraph 6 of the Court's scheduling order of April 14, 2017.

ORDERED:

On or before August 25, 2017, Defendants shall file an amended expert disclosure addressing, with strict compliance, the matters listed in paragraph 6 of the April 14, 2017, scheduling order (Doc. No. 53 at 3) and Fed. R. Civ. P. 26(a)(2)(C).

DATED this 14th day of August, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge