# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RIVERA-MARTINEZ and ARTURO MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY DEPARTMENT OF HUMAN SERVICES; SOCIAL WORKER STEPHANIE MEEK, individually; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 1-16-cv-00062-SEH<br><br>ORDER |

## Background

The Court's scheduling order in this case was issued on June 21, 2016,[1] by Magistrate Judge Jennifer L. Thurston. Deadlines established in that Order were later amended by a series of Orders on November 1, 2016, March 8, 2017, March 14, 2017, April 14, 2017, April 18, 2017, May 19, 2017, August 14, 2017, September 7, 2017, September 11, 2017, and October 12, 2017.[2] The several Orders established, *inter alia*, dates for amendment of pleadings (September 19, 2016),[3] close of discovery for all experts (June 2, 2017),[4] designation and disclosure of case-in-chief experts (May 5, 2017),[5] and filing of the final pretrial order (September 8, 2017).[6] There

---

[1] Doc. No. 21.
[2] Doc. Nos. 27, 41, 44, 53, 56, 60, 102, 109, 143, and 157.
[3] Doc. No. 21.
[4] Doc. No. 56.
[5] Doc. No. 56.
[6] Doc. No. 53.

1

were no pending requests or motions to modify the deadlines as established by the Court until the motion currently pending was filed on October 18, 2017,[7] over 19 weeks after discovery closed and nearly 6 weeks after the proposed pretrial order was filed.

Discussion

On September 12, 2017, the Court issued its Order setting a hearing to address matters "related to conduct of trial, witnesses to be called to testify at trial, discovery responses to be introduced into evidence at trial, deposition testimony to be offered at trial and exhibits to be offered at trial."[8]

The deposition of Plaintiffs' expert Julian J. Dominguez ("Dominguez") was taken on May 23, 2017, at which Plaintiffs were accorded unlimited opportunity to fully examine Dominguez on matters relevant to his participation in the case, including inquiry as to all opinions he was expected to address by testimony at trial.

A hearing was held on October 12, 2017, to address matters identified in the September 12, 2017, Order. The Court's Order, issued October 24, 2017, following the October 12, 2017, hearing included:

> On September 12, 2017, Plaintiffs filed a designation of portions of the May 23, 2017, deposition of Julian J. Dominguez ("Dominguez") to be offered as evidence at trial. (Doc. No. 145.)
>
> On September 14, 2017, Defendants filed objections to Plaintiffs' deposition designations of Dominguez. (Doc. No. 146.)
>
> On September 18, 2017, Plaintiffs filed their response to Defendants' Dominguez' deposition objections. (Doc. No. 147.)
>
> On October 3, 2017, Plaintiffs filed additional designations from the deposition of Dominguez to be offered at trial. (Doc. No. 152.)

---

[7] Doc. No. 159 (Notice of Motion and Motion to Modify the Scheduling Order to Allow the Plaintiffs to File a Motion to Augment Their Expert Witness List, or to Designate a New Expert in Exchange for the Expert Who Died; Memorandum of Points and Authorities and Declaration of Counsel in Support Thereof)("Motion to Augment").
[8] Doc. No. 144.

2

At the October 12, 2017, hearing, the Court disclosed to counsel, for reasons stated on the record, its tentative conclusion that it was inclined to exclude from introduction at trial the entirety of Dominguez's May 23, 2017, deposition testimony. At that same hearing, Plaintiffs were accorded until October 20, 2017, in which to file amended designations of those portions of the Dominguez' deposition of May 23, 2017, that Plaintiffs maintained, in light of the Court's tentative rulings, would be admissible at trial. Defendants were to have until October 27, 2017, in which to file objections to the revisions. A further hearing to address and rule upon the proffered revisions would be set by further order of Court.

Plaintiffs did not comply or attempt to comply with the Court's Dominguez' deposition revision order due on October 20, 2017, or at all. Instead, they filed a Notice of Motion and Motion to Modify the Scheduling Order to Allow the Plaintiffs to File a Motion to Augment Their Expert Witness List, or to Designate a New Expert in Exchange for the Expert who Died; Memorandum of Points and Authorities and Declaration of Counsel in Support Thereof ("Motion to Modify") by which a modification of the existing pretrial schedule was sought by Plaintiffs, *inter alia*, to reopen discovery, to vacate and modify existing (and now past) pretrial deadlines, to file a motion to augment expert witness designations, or to be granted leave to designate a new expert witness to substitute for Julian J. Dominguez, deceased.[9]

Reasons stated by Plaintiffs for the Motion to Augment were grounded in the argument that "further review of Mr. Dominguez's deposition testimony [by the Plaintiffs which] revealed that it would not be sufficient to provide all of the opinions needed by plaintiffs in this case" and that the deposition "only contained a portion of that which Mr. Dominguez was asked by the plaintiffs to testify about."[10]

On October 27, 2017, Defendants' Opposition to Plaintiffs' Motion to Augment[11] was filed. Plaintiffs' Reply to Plaintiffs' Motion to Augment was filed on November 3, 2017.[12]

---

[9] Doc. No. 160 at 1-2.
[10] Doc. No. 159 at 3.
[11] Doc. No. 163.
[12] Doc. No. 166.

3

The relevant record before the Court is clear. Plaintiffs attended and participated in Dominguez's deposition with all the tools and procedures necessary to protect their interests at trial. They had the opportunity to develop a record at that deposition to be used at trial if necessary or appropriate.[13] Plaintiffs realistically have no justification for now asserting that the long-issued and standing scheduling Order in this case should now be vacated; that several months of delay should be accepted; that the trial date which has substantively been in place for over 16 months should be vacated and extended; and that the requested relief is warranted to accommodate what Plaintiffs now characterize as the new revelation that Dominguez's deposition testimony would not be sufficient to provide all of the opinions needed and that the deposition transcript "only contained a portion of that which Mr. Dominguez was asked by the plaintiffs to testify about."[14]

The Federal Rules of Civil Procedure, the Orders issued by the Court, and the Federal Rules of Evidence adequately provided counsel with the tools and procedures necessary to by fully apprised of and to address and to adapt to unexpected pretrial developments, including the presentation at trial of evidence presented through discovery of deceased witnesses (Fed. R. Civ. P. 32 and Fed. R. Evid. 804). The reasons advanced by Plaintiffs to modify the schedule were directly related to matters within Plaintiffs' capacity to have planned for and addressed pretrial. Plaintiffs have not shown good cause to modify the existing scheduling orders and deadlines or to upset and further delay the long-established pretrial schedule and trial date.

---

[13] *See* Fed. R. Civ. P. 32 and Fed. R. Evid. 804.
[14] Doc. No. 159 at 3.

The Court has determined as provided in L.R. 230(g) of the Local Rules of the United States District Court, Eastern District of California, and in light of the approaching date for trial, that submission of the Motion to Augment for decision is appropriate without hearing.

ORDERED:

The Motion to Modify the Scheduling Order to Allow the Plaintiffs to File a Motion to Augment Their Expert Witness List, or to Designate a New Expert in Exchange for the Expert who Died[15] is DENIED.

DATED this 8th day of November, 2017.

SAM E. HADDON
United States District Judg

---

[15] Doc. No. 159.