# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RIVERA-MARTINEZ and ARTURO MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> KERN COUNTY; KERN COUNTY DEPARTMENT OF HUMAN SERVICES; SOCIAL WORKER STEPHANIE MEEK, individually; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 1-16-cv-00062-SEH <br><br><br> ORDER |

On December 7, 2017, the Court conducted a hearing on Plaintiffs' Notice of Motion and Motion for Relief from Order; Memorandum of Points and Authorities and Declaration of Counsel in Support Thereof ("Motion for Relief") (Doc. No. 197).

Upon the record made at the hearing

ORDERED:

1. Plaintiffs' Motion for Relief (Doc. No. 197) is GRANTED in part as stated in this Order.

2. The trial of the case set for December 11, 2017, is VACATED.

3. Plaintiffs shall identify, designate, submit and file a written report of a proposed

expert witness to replace Julian J. Dominguez, deceased, on or before **January 12, 2018,** completed in strict compliance with each and all of the requirements of Fed R. Civ. P. 26(a)(2)(B) and paragraph 5 of the Court's Order of April 14, 2017, including:

    a.     A separate statement of each opinion to be offered.

    b.     Specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming the each of the opinions expressed.

    c.     A separate statement of the bases and reasons for each of the opinions.

    Expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed. (Doc. No. 53).

4.     Defendants shall have to and including **February 16, 2018,** in which to take and complete the deposition of Plaintiffs' replacement expert.

5.     Defendants shall have to and including **March 16, 2018,** in which to file any supplemental expert disclosures and reports necessary or appropriate as required by Fed. R. Civ. P. 26(e)(1) or by Order of the Court.

6.     Each party shall have to and including **March 30, 2018,** in which to file motions in limitations and supporting briefs directed to: (1) issues related to the qualifications of each expert witness expected to be called to testify at trial; (2) the subject matter or matters about which the witness is expected to testify at trial; and (3) the opinions the witness is expected to offer at trial. Response briefs shall be due on or before **April 13, 2018.** An optional reply brief may be filed on or before **April 27, 2018.** A hearing on the matters will be set by further order of the Court.

7.     The Court will take up and address such other and further pretrial matters as may be necessary and appropriate for the Court's consideration upon completion of the discovery referenced in paragraphs 3-5 above, including: (1) submission, briefing, and resolution of motions

in limitation in response to the report and deposition of Plaintiffs' replacement expert; (2) submission, briefing, and resolution of any other and supplemental motions in limitation; (3) submission of a revised pretrial order, revised witness lists, revised lists of exhibits, revised trial briefs, revised jury instructions, and revised forms of verdict.

8. The Court will schedule and conduct a telephone conference with counsel after March 16, 2018, to establish a revised pretrial schedule for the filing of any appropriate pretrial motions, a revised pretrial order, revised witness lists, revised lists of exhibits, revised trial briefs, revised jury instructions, and revised forms of verdict.

9. The parties shall meet and confer and endeavor to reach agreement on matters and issues related to responsibility for payment of additional discovery and trial preparation costs associated with Plaintiffs' granted-in-part Motion for Relief. A report from counsel of the results of the meet and confer shall be filed on or before **January 12, 2018.**

10. Counsel are also apprised that the Court will take up and address prior to trial, on its own motion if necessary, all issues relating to Defendants' claimed defense of qualified immunity that may be capable of pretrial resolution.

11. The Court will issue such other and further orders as may be necessary to consider any other case-related issues that may be capable of address and resolution in advance of trial.

12. All counsel are on notice that the Court intends to reset the case for trial at the earliest date feasible.

DATED this 8th day of December, 2017.

SAM E. HADDON
United States District Judge